

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2004

# Begum v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2317

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Begum v. Atty Gen USA" (2004). *2004 Decisions.* Paper 471.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/471

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2317

NANTHI BEGUM,

Petitioner

v.

JOHN ASHCROFT, Attorney General
of the United States

Respondent

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(No. A73-162-793)

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2004

Before: AMBRO, ALDISERT and STAPLETON, Circuit Judges

(Filed: July 22, 2004 )

OPINION

AMBRO, *Circuit Judge*

Nanthi Begum petitions for review of the order of the Board of Immigration

Appeals ("BIA") to affirm denial by an Immigration Judge ("IJ") of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Central to the IJ's decision was his finding that Begum's claims of a well-founded fear of persecution upon return to her native country were not credible. Because the IJ's adverse credibility determination was supported by substantial evidence, we deny her petition for review.

## I. Facts and Procedural Posture

Begum, a native and citizen of Bangladesh, entered the United States in December 1992. Eight months later, she filed an initial application for asylum claiming that she was compelled to leave Bangladesh because she feared the government would arrest her for membership in the Jatiyo political party. In April 2000, the Immigration and Naturalization Service[1] ("INS") issued Begum a notice to appear, charging her with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien who entered the United States without inspection or parole. At a hearing before the IJ, Begum conceded removability but requested relief in the form of asylum, withholding of removal, and CAT protection, and in the alternative voluntary departure. She submitted a new asylum application explaining that because she had organized poor and illiterate women on behalf of the

---

[1]As a result of the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002), the INS has since ceased to exist as an agency within the Department of Justice and its enforcement functions have been transferred to the Department of Homeland Security.

Jatiyo Party, she and her family had been subject to assaults and threats by religious fundamentalists.

After a merits hearing in July 2001, the IJ denied all of Begum's requested relief because he did not find her claims to be credible. He even denied her voluntary departure relief, finding that because of her false testimony she lacked good moral character. In April 2003 the BIA affirmed the denial of asylum, withholding of removal, and CAT relief, but vacated the denial of voluntary departure.[2]

## II. Analysis

Begum now appeals the decision of the BIA. Because the BIA adopted the IJ's credibility finding, we review the IJ's finding for whether "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Put another way, we will sustain the IJ's finding, and thus affirm the BIA's decision, if the IJ's finding was supported by substantial evidence. *Reynoso-Lopez v. Ashcroft*, 369 F.3d 265, 278 (3d Cir. 2004). In the context of adverse credibility findings such as the one at issue here, we give "substantial deference" when "specific cogent reasons" support the finding. *Gao v. Ashcroft*, 299 F.3d 266, 276 (3d Cir. 2002).

The IJ found that Begum could not establish a well-founded fear of persecution, as

---

[2]Begum does not appeal from the BIA's grant of thirty-day voluntary departure period. She does, however, seek a stay of the departure period pending this appeal (*i.e.*, permission to depart within 30 days of this decision). Though the thirty-day voluntary departure period had long since lapsed before she sought a stay, we nonetheless grant this request.

required for the discretionary relief of asylum, 8 U.S.C. §§ 1101(a)(42)(A), 1158(a), because her testimony was incredible.[3] The IJ offered several "specific cogent reasons" to support his adverse credibility finding.

First, he noted discrepancies in Begum's hearing testimony about various encounters with members of the rival fundamentalist Jamat Islam Party. In describing an incident in which Jamat Islam Party members broke into her home, she first testified that the event occurred in June 1990 and later testified that it occurred in June 1992. She offered precise testimony about when she fled her home, 11:10 p.m., but could only narrow the date of the attack down to a particular month.[4] In describing a second incident in which Begum and a co-worker were attacked in a rickshaw by unknown individuals, she again testified precisely as to time of day, 9:15 a.m., but vaguely as to date, stating that it occurred sometime in May 1992.

Next, the IJ noted discrepancies between Begum's hearing testimony and her initial application for asylum that she filed in 1993. Her application did not report any of

---

[3]Because the IJ found Begum ineligible for asylum, he did not need to consider whether she met the higher standard of proof required for withholding of removal. He also concluded that the adverse credibility finding prevented her from establishing that it was more likely than not that she would be tortured if returned to Bangladesh, as required for CAT relief.

[4]The IJ also noted that Begum testified on direct examination that she fled her home through a window, but on cross-examination said she left through a back door. On appeal, Begum claims that this apparent discrepancy resulted from a mistranslation. Even assuming that this issue is properly resolved in Begum's favor, substantial evidence still supports the IJ's adverse credibility finding.

4

her children, but at the hearing she testified that she has three children, all of whom were born before 1993. Also, her application does not mention the break-in, the rickshaw incident, or the rival Jamat Islam Party, all of which she testified form the basis of her well-founded fear of persecution.

Begum's second asylum application, filed in 2000, also contradicted her hearing testimony. While the application stated that her home was broken into by Jamat Islam Party members in May 1992, she testified at the hearing that a break-in occurred in June 1992 (after earlier stating June 1990). The IJ did not believe her proffered explanation for the inconsistency—that there were two separate break-ins, one in May 1992 and one in June 1992—because the initial application reported only one. Begum explained that she only reported the May 1992 break-in because she was at home when it happened, but that she was not at home for the June 1992 break-in. But this explanation contradicted her earlier testimony that during the June 1992 attack she fled from her house at 11:10 p.m. Also, her application stated that the rickshaw incident occurred on June 22, 1992, but she testified that it occurred sometime in May 1992. And while the asylum application claimed that her father had been held at knife-point in his home by Islamic fundamentalists, she testified at that hearing that her father had not experienced problems with Jamat Islam Party members. Begum's testimony also contradicted affidavits in the record. She testified that she was a Jatiyo Party field worker, but a third-party's affidavit stated that she was a "joint secretary" of the Party.

5

The IJ found that Begum's claims of political involvement were also undermined by her lack of knowledge about Bangladesh's recent political history. Even though she alleged that she joined the Jatiyo Party soon after it was established, Begum could not accurately testify when the Jatiyo Party was established. She also testified that Khaleda Zia became the president of Bangladesh in 1990, while the State Department report in the record says that this occurred in March 1991.

Finally, the IJ found that Begum's demeanor was not one of a person who was telling the truth. He noted that she fidgeted and picked at her fingers during the Government's "difficult" questions on cross-examination.

Begum argues on appeal that the IJ can only base a false testimony determination on statements made under oath at the hearing, and thus improperly considered the contents of her application, citing 8 U.S.C. § 1101(f)(6) and *Kungys v. United States*, 485 U.S. 759, 780 (1988). Under § 1101(f)(6), an alien will not be regarded as having "good moral character" if she has presented false testimony. But the good moral character finding is a predicate to certain forms of relief—like naturalization, *see* 8 U.S.C. § 1427(a)(3), and suspension of removal, *see* former 8 U.S.C. § 1244(a)(1)—which are not at issue here. In Begum's case, the IJ did not deny her asylum application on the basis of a finding that she lacked good moral character, so he was not limited to considering only her statements under oath. Consequently, Begum's argument that the IJ did not properly make a false testimony determination, because he considered more than just her testimony

6

under oath, is not relevant to the issue on appeal.[5]

### III. Conclusion

In conclusion, the IJ's "specific cogent reasons" for not believing Begum's claims of persecution amount to substantial evidence required to support an adverse credibility finding. All of the inconsistencies and omissions between and within her testimony and her asylum applications undermine Begum's claim that she fears persecution in Bangladesh on account of her political opinion. The BIA correctly affirmed the IJ's denial of asylum, withholding of removal, and CAT protection. We therefore deny Begum's petition for review.

---

[5]Begum also complains that the IJ did not admit six police reports because they had not been certified as required under 8 C.F.R. § 287.6(b). We reject Begum's unsupported argument that the IJ should have permitted her to explain what efforts, if any, were made to secure the proper certification because the certification requirement under § 287.6(b) is mandatory.